IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

**WAYNE AND MARY GRAVES, FOR AND ON
BEHALF OF W.A.G., A MINOR**     **PLAINTIFFS**

**VERSUS**     **CIVIL ACTION NO. 2:09cv169KS-MTP**

**TOYOTA MOTOR CORPORATION AND
TOYOTA MOTOR SALES, USA, INC.**     **DEFENDANTS**

### MEMORANDUM OPINION AND ORDER

This matter is before the court on Defendants' Second Motion *In Limine* to Exclude Evidence Regarding References to Subsequent Model Series 4Runners **[#174]**. The court having reviewed the motion, the response, the briefs of counsel, the authorities cited, the pleadings and exhibits filed, and being otherwise fully advised in the premises finds that the motion should be denied. The court specifically finds as follows:

### BACKGROUND

This is a product liability action encompassing the commonly referred to rollover and roof crush claims. The accident occurred on December 31, 2008 on U.S. Highway 84 in Jones County, Mississippi. This single vehicle crash involved sixteen year-old W.A.G., who was operating a 1995 Toyota 4Runner. As W.A.G. approached the intersection of Highway 84 and Rose Lane, the physical evidence and eyewitness testimony establish that W.A.G. steered his vehicle to the left and that the vehicle

began to yaw and then roll over multiple times. Although W.A.G. was wearing his seat belt and remained inside the vehicle during the rollover, as a result of the rollover and roof crush, W.A.G. was rendered quadriplegic.

Defendants Toyota Motor Corporation and Toyota Motor Sales, U.S.A., Inc. (collectively, "Toyota"), have moved this court *in limine* for an order barring Plaintiffs, their witnesses and counsel from making any references to subsequent model series Toyota 4Runners, from *voir dire* to verdict.

Plaintiffs have alleged that the handling and stability features and roof design of the 1995 4Runner were defective and caused W.A.G.'s injuries in the December 31, 2008, single vehicle accident. The evidence shows that the 1995 4Runner was a part of the 1990-1995 model series. Toyota had a model change beginning with the 1996 model year, and the next model series for the Toyota 4Runner spanned from 1996 through 2002, with a subsequent model series following in 2003. With each change in model series, new design aspects were introduced for the 4Runner.

Over the course of discovery, Plaintiffs have requested materials regarding the design and testing of the 1996-2002 4Runner, as well as other incidents, claims and complaints involving the 1996-2002 4Runner. Although Toyota did not agree that such materials were relevant, it produced responsive materials. Changes in the design of the vehicle, both with respect to the roof and the handling and stability features of the vehicle, are reflected in those documents. Toyota asserts that it anticipates that Plaintiffs will attempt to introduce evidence regarding design changes such as these at trial. Toyota argues that such evidence is not relevant to the determination of whether the subject vehicle was defective, and must not be admitted pursuant to FED. R. EVID.

401, 402, 403, and 407.

The Plaintiffs designated Mickey Gilbert/Gilbert Engineering as their accident reconstructionist. Gilbert will reconstruct the accident sequence; will determine the speed and angular rates of the vehicle at various points within the accident sequence; will evaluate the rollover resistance of the subject vehicle and will opine whether it was technically and economically feasible to improve the rollover resistance of the subject vehicle. Gilbert will further opine that the 1995 Toyota 4Runner, as designed, was defective and unreasonably dangerous.

The Plaintiffs also designated Steve Forrest/Safety Analysis and Forensic Engineering. Forrest, commonly referred to as the roof crush expert, will offer opinions as to the defective and unreasonably dangerous condition/design of the 1995 Toyota 4Runner due to an inadequate occupant protection system for rollovers. Specifically, . Forrest will opine that Toyota employed a structurally inadequate roof design for the 1995 4Runner that allows excessive intrusion in a very foreseeable and low severity rollover environment. Forrest will further opine that at the time of the design and manufacture of the 1995 Toyota 4Runner, safer alternative roof designs were technologically and economically feasible and such alternative designs would have resulted in a non-defective roof with minimal roof crush susceptibility. Forrest will further testify that Toyota was negligent in its failure to adequately test the rollover performance of the 1995 Toyota 4Runner.

The Plaintiffs also designated Dr. Martha Bidez/Bioechoes. This court has some familiarity with Dr. Bidez through the *Daubert* motion filed by Toyota. Dr. Bidez will offer opinions relating to the subject crash and will biomechanically reconstruct the subject

crash involving the 1995 Toyota 4Runner.  Specifically, Dr. Bidez will identify the nature of the injuries suffered by W.A.G.; will testify as to his occupant kinematics, which provides for a determination of the mechanism of his respective injuries and will opine as to the role the occupant protection systems played in injury causation and prevention.

The Plaintiffs designated David Bilek/Mechanical Systems Analysis, Inc.  Bilek is a licensed Professional Engineer in mechanical engineering.  He will generally opine on matters relating to the safety of the subject 1995 Toyota 4Runner with a primary focus in the areas of stability, rollover and design of the particular vehicle.  Specifically, Bilek will offer opinions as to why the design of the subject vehicle caused the rollover accident.  Bilek will further opine that the second generation 4Runner (1990-1995) incorporated an all steel body on a frame design and was generally produced as a four door model, though some two door models were produced up to 1992. In a similar vein, he will testify that the third generation 4Runner (1996- 2002) was designed with a longer wheel base, wider front and rear track width and a lower CG (center of gravity) resulting in an improved SSF (static stability factor) compared to the second generation 1995 Toyota 4Runner.

Bilek will further testify that the third generation 4Runner (1996) was designed and manufactured by Toyota, well knowing that the subject 1995 Toyota 4Runner was not designed to withstand the tire forces generated in on-road situations when tires are at or near limit conditions without experiencing rollover.  Bilek will further testify that the 1995 Toyota 4Runner was designed and manufactured with an inadequate margin of safety  regarding rollover resistance. In 1990/1991, Toyota has already initiated

development of the 1996 4Runner series.

In a previous case, *McCathern v. Toyota Motor Corp.* 985 P.2d. 804 (Or. App. 1999), Toyota conceded that the design changes made in the 1996 4Runner model could have been incorporated into the design of an even earlier model, the 1994 4Runner.  Further, Takashi Yonekawa, the rollover/stability 30(b)(6) designee for Toyota in this case, admitted in his deposition testimony that the 1996 4Runner modifications would not have impaired the performance or utility of the 1995 model.

Toyota first argues that information regarding design changes is not relevant, and therefore is inadmissible under Fed. R. Evid. 401, 402 and 403.  Rule 401 provides:

> Evidence is relevant if:
>
> **(a)** it has any tendency to make a fact more or less probable than it would be without the evidence; and
>
> **(b)** the fact is of consequence in determining the action.

Rule 402 provides:

> Relevant evidence is admissible unless any of the following provides otherwise:
>
> • the United States Constitution;
>
> • a federal statute;
>
> • these rules; or
>
> • other rules prescribed by the Supreme Court.
>
> Irrelevant evidence is not admissible.

Rule 403 provides:

> The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.

Plaintiffs have claimed that the roof and the handling and stability features of the subject vehicle were defectively designed. The inquiry is whether the 1995 Toyota 4Runner was defective at the time it left Toyota's control, and Toyota argues that the mere fact there were design changes in a subsequent model series vehicle is not probative of whether the 1995 4Runner was defective. Toyota contends this is especially true given the fact that Plaintiffs' expert Mickey Gilbert is critical of the 1996-2002 4Runner model series based on rollover testing he reviewed and/or conducted, even though Plaintiffs' expert Bilek disagrees with him. In addition, Toyota points out that Plaintiffs' roof defect expert, Stephen Forrest, offers no opinions about the 1996-2002 model year series design changes (or any other Toyota model series changes) with respect to the roof. Thus, Toyota concludes that if the subsequent model series is still alleged to be defectively designed, as opined by Plaintiffs' expert, information regarding the design changes for the model series is not probative on the issue of defect, and therefore must be excluded under Fed. R. Evid. 402.

In the alternative, Toyota argues that such evidence must be excluded under Fed. R. Evid. 403. According to Toyota, the probative value of such evidence is greatly outweighed by the unfair prejudice to Toyota and the fact that such evidence will mislead and confuse the jury. Toyota points out that with each new model series, an automobile manufacturer seeks to improve the design of the vehicle based on customer expectations, the changing market, and improvements in technology and engineering

and that the existence of these improvements and changes does not render the previous model series defective, however.  Toyota surmises that this type of evidence will confuse and mislead the jury, causing unfair prejudice to Toyota insofar as it suggests that it is appropriate to compare an older model vehicle with a newer model vehicle to determine defect and that this is improper, and must not be permitted at trial.

Finally, Toyota argues that this evidence should be excluded under FRE 407, which provides:

> When measures are taken that would have made an earlier injury or harm less likely to occur, evidence of the subsequent measures is not admissible to prove:
>
> • negligence;
>
> • culpable conduct;
>
> • a defect in a product or its design; or
>
> • a need for a warning or instruction.
>
> But the court may admit this evidence for another purpose, such as impeachment or--if disputed--proving ownership, control, or the feasibility of precautionary measures.

In response, Plaintiffs point out that Toyota largely ignores the proposed testimony of Mr. Bilek, who will testify that Toyota recognized, prior to the production of the 1995 Toyota 4Runner, that reducing a vehicle's center gravity height and widening the track width, thus increasing the static stability factor (SSF), improves the rollover resistance.  Mr. Bilek will also testify that Toyota knew before the distribution of the 1995 4Runner the causative relationship between a low SSF and the increased risk of a rollover.  Bilek will further testify that the third generation 4Runner, 1996-2002 model years, was designed with a longer wheel base, a wider front and rear track width and a

lower center of gravity. This resulted in an improved SSF compared to the second generation 4Runner, the subject 1995 4Runner.

Miss. Code Ann. § 11-1-63, commonly referred to as the Product Liability Act, provides that in any action claiming that a product is defective because of its design pursuant to Paragraph (a)(i)(3) of this section, the manufacturer shall not be liable if the Plaintiff does not prove by a preponderance of the evidence (1) that at the time the product left the control of the manufacturer the manufacturer knew, or in light of reasonably available knowledge or in the exercise of reasonable care should have known, about the danger that caused the damage, and (2) the product failed to function as expected and there existed a feasible design alternative that would have, to a reasonable probability, prevented the harm.  Miss. Code Ann. § 11-1-63(f).

In *Guy v. Crown Equipment Corp.*, 394 F.3d 320 (5th Cir. 2004) the Court stated that to prevail under the Mississippi Products Liability Act on a design defect claim, the Plaintiff is required to prove, by a preponderance of the evidence, that when the product left the manufacturer's control: (1) manufacturer knew, or should have known, about the danger that caused the damage; (2) the product failed to function as expected; and (3) there existed a feasible design alternative that would have to a reasonable probability prevented the harm at the time of the accident.

According to Plaintiffs, Bilek, in accord with Miss. Code Ann. § 11-1-63 (f), will offer significant and document supported opinions, including test results, that the 1996 4Runner was a feasible design alternative available to Toyota at the time of the manufacture of the subject 1995 4Runner and that the feasible alternative design would have, to a reasonable probability, prevented the harm suffered by W.A.G. at the time of

the accident.

Toyota argues that over the course of discovery and motion practice, it has not taken the position that these design changes in the 1996-2002 model series were not feasible; rather, Toyota and its experts have offered opinions that its design specifications with respect to the roof structure and handling and stability features of the 1995 Toyota 4Runner were appropriate given the type of vehicle and utility of the vehicle. Thus, Toyota argues that the feasability exception or Rule 407 does not apply because Toyota does not dispute this issue.

The court finds that the feasability exception of Rule 407 may apply to the testimony offered by the Plaintiffs in this case. To the extent that feasability of an alternative design is an issue, the court will consider it and make a decision on the admissibility of such evidence at the time. Rules 401, 402 and 403 will, as necessary, be addressed as those issues are presented. Before offering any such evidence, counsel shall alert the court out of the presence of the jury for a determination of its admissibility. All witnesses shall be instructed not to broach the subject until authorized in advance by the court.

IT IS THEREFORE ORDERED AND ADJUDGED that Defendants' Second Motion *In Limine* to Exclude Evidence Regarding References to Subsequent Model Series 4Runners **[#174]** is denied subject to the qualifications stated herein regarding the possible use of this evidence at trial.

SO ORDERED AND ADJUDGED this the 6th day of January, 2012.

*s/ Keith Starrett*
UNITED STATES DISTRICT JUDGE