**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION**


**WAYNE AND MARY GRAVES, FOR AND ON
BEHALF OF W.A.G., A MINOR**                                 **PLAINTIFFS**

**VERSUS**                          **CIVIL ACTION NO. 2:09cv169KS-MTP**

**TOYOTA MOTOR CORPORATION AND
TOYOTA MOTOR SALES, USA, INC.**                            **DEFENDANTS**


<u>**MEMORANDUM OPINION AND ORDER**</u>

This matter is before the court on Defendants' Third Motion *In Limine* to Exclude

Evidence Regarding Other Incidents, Claims and Lawsuits **[#176]**.  The court having

reviewed the motion, the response, the briefs of counsel, the authorities cited, the

pleadings and exhibits filed, and being otherwise fully advised in the premises finds that

the motion should be denied.  The court specifically finds as follows:


<u>**BACKGROUND**</u>

This is a product liability action encompassing the commonly referred to rollover

and roof crush claims.  The accident occurred on December 31, 2008 on U.S. Highway

84 in Jones County, Mississippi.  This single vehicle crash involved sixteen year-old

W.A.G., who was operating a 1995 Toyota 4Runner.  As W.A.G. approached the

intersection of Highway 84 and Rose Lane, the physical evidence and eyewitness

testimony establish that W.A.G. steered his vehicle to the left and that the vehicle began

to yaw and then roll over multiple times.  Although W.A.G. was wearing his seat belt and

remained inside the vehicle during the rollover, as a result of the rollover and roof crush, W.A.G. was rendered quadriplegic.

Defendants Toyota Motor Corporation and Toyota Motor Sales, U.S.A., Inc. (collectively, "Toyota"), have moved this court *in limine* for an order excluding any evidence of other crashes, lawsuits and claims involving Toyota vehicles, including, but not limited to, the 1990-1995 Toyota 4Runner model series, from *voir dire* to verdict. Toyota asserts that it anticipates that Plaintiffs will attempt to introduce documents and other evidence (including materials produced by Toyota in discovery and witness testimony) related to other accidents, lawsuits, and claims involving Toyota vehicles and, specifically, the Toyota 4Runner.

Toyota asserts that this case arises from a unique, violent single vehicle rollover crash. Through their expert, Mickey Gilbert, Plaintiffs have claimed that:

> [T]he vehicle likely did not travel onto the right hand shoulder. [W.A.G.] steered two or more times and ultimately caused the vehicle to fishtail yaw counterclockwise across the travel lanes. The vehicle rolled over passenger's side leading on the road and landed on its driver's side.

On the other hand, Toyota's accident reconstructionist and handling and stability expert, Lee Carr, has opined that W.A.G. drove the 4Runner off of the right side of the road, partially onto the right shoulder of the road, and then over-steered the 4Runner back across the left as he re-entered the pavement, slid toward a broadside orientation in that left hand turn and overturned toward the passenger's side. The subject vehicle then completed 4 and 3/4 revolutions before coming to rest on its driver's side. The parties do not dispute that W.A.G. was wearing his seat belt at the time of the crash. They also agree that W.A.G.'s head made contact with the driver's side roof rail and

was at this position when he sustained a paralyzing injury.  Plaintiffs have made handling and stability and roof defect claims against Toyota as a result of this crash.

Over the course of discovery, Plaintiffs have requested information from Toyota regarding other accidents, lawsuits, and claims involving both the 1990-1995 Toyota 4Runner model series and the 1996-2002 Toyota 4Runner model series.  Toyota has supplied that information to Plaintiffs, but in doing so, Toyota did not admit or imply that these incidents occurred under the same or similar circumstances.  The documents produced identify hundreds of other incidents for 1990-2002 model vehicles.

Toyota contends that considering what it characterizes as the unique nature of the subject accident, it would be impossible to show substantial similarity with other accidents, claims and lawsuits.  Toyota continues that such evidence is plainly inadmissible and should be excluded under Rules 402, 403, 801 and 802  of the Federal Rules of Evidence and that such evidence will have no bearing on what occurred in the subject accident, why the subject accident occurred, how the handling and stability features or the roof of the subject 1995 4Runner performed in this accident, the cause of W.A.G.'s injuries, or any other question bearing on Plaintiffs' claims.

Plaintiffs respond that they have not yet determined whether they will attempt to introduce evidence of other similar incidents at this trial but agree before making any reference or attempt to introduce evidence pertaining to other similar incidents to bring this matter to the attention of the court and counsel opposite.  They point out that Defendants alternatively assert that the court should reserve ruling on this Motion until such time as the Plaintiffs, if necessary, advise the court and counsel opposite of their intention to introduce evidence or testimony of other similar related incidents.

Because of the volume of incidents over this thirteen year span of model years, Toyota's counsel has selected thirty-seven incidents in which a lawsuit was filed against Toyota involving a 1995 Toyota 4Runner (the model year for the subject vehicle) and prepared a summary of those crashes based on information in the accident reports and complaints to illustrate why it contends the existence of these lawsuits has no probative value in the present case. Toyota then argues that FRE 801, 802 and 805 asserting that the evidence sought to be introduced is hearsay. While the proposed evidence does indeed involve multiple issues concerning hearsay, the court will not issue a blanket exclusion of all of them. If any such evidence is introduced, the court will first make a determination regarding hearsay and relevancy under FRE 401 and 402 and then proceed to the more serious issue of similarity.

It is well settled that, before evidence of other crashes can be admitted into evidence, a plaintiff must present a factual foundation for the court to determine that the other crashes were "substantially similar" to the crash at issue. *See, e.g., Mills v. Beech Aircraft Corp., Inc.*, 886 F.2d 758, 762 (5th Cir.1989); *McGonigal v. Gearhart Industries, Inc.*, 851 F.2d 774, 778 (5th Cir. 1986); *Jackson v. Firestone Tire & Rubber Co.*, 788 F.2d 1070, 1082-83 (5th Cir. 1986).

Plaintiffs argue that other similar claims, incidents, complaints and accounts are relevant and admissible to show notice, as well as prove other issues. They assert that the "substantial similarity" requirement for admissibility of other similar incidents in product liability actions such as this is relaxed if the incidents are offered to prove notice only. *Johnson v. Ford Motor Co.*, 988 F.2d 573, 580 (5th Cir. 1993) (citing, *Jackson v. Firestone Tire & Rubber Co.*, 788 F.2d 1070, 1083 (5th Cir. 1986)). If such other similar

incidents are offered solely for purposes of proving notice, the Plaintiffs assert they must only establish "reasonable similarity". *Mills v. Beech Aircraft, Inc.*, 886 F.2d at 762.

The court does not presently have enough information before it to issue a blanket exclusion as requested by Toyota. However, the court would emphasize the great difficulty in securing the admission of this type evidence. Counsel for Plaintiffs shall not mention nor attempt to place before the jury, through witnesses or otherwise, any information about other claims or accidents without first securing a ruling from the court on its admissibility. With that admonition, the court will deny Toyota's motion for the time being.

IT IS THEREFORE ORDERED AND ADJUDGED that Defendants' Third Motion *In Limine* to Exclude Evidence Regarding Other Incidents, Claims and Lawsuits **[#176]** is denied subject to a re-assertion of the motion if the Plaintiffs attempt to introduce any such evidence at trial.

SO ORDERED AND ADJUDGED this the 6th day of January, 2012.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE