IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

WAYNE AND MARY GRAVES, FOR AND ON
BEHALF OF W.A.G., A MINOR                                    PLAINTIFFS

VERSUS                                    CIVIL ACTION NO. 2:09cv169KS-MTP

TOYOTA MOTOR CORPORATION AND
TOYOTA MOTOR SALES, USA, INC.                                DEFENDANTS


**MEMORANDUM OPINION AND ORDER**

This matter is before the court on Defendants' Fifth Motion *In Limine* to Exclude Any Reference to the Design of the Seat Belt Stalk **[#180]**. The court having reviewed the motion, the response, the briefs of counsel, the authorities cited, the pleadings and exhibits filed, and being otherwise fully advised in the premises finds that the motion should be denied. The court specifically finds as follows:

This is a product liability action encompassing the commonly referred to rollover and roof crush claims. The accident occurred on December 31, 2008 on U.S. Highway 84 in Jones County, Mississippi. This single vehicle crash involved sixteen year-old W.A.G., who was operating a 1995 Toyota 4Runner. As W.A.G. approached the intersection of Highway 84 and Rose Lane, the physical evidence and eyewitness testimony establish that W.A.G. steered his vehicle to the left and that the vehicle began to yaw and then roll over multiple times. Although W.A.G. was wearing his seat belt and remained inside the vehicle during the rollover, as a result of the rollover and roof crush, W.A.G. was rendered quadriplegic.

Defendants Toyota Motor Corporation and Toyota Motor Sales, U.S.A., Inc. ("Toyota"), have moved this court *in limine* for an order barring Plaintiffs, their counsel, and their witnesses and experts from making any references to the design of the seat belt stalk of the subject 1995 Toyota 4Runner, from *voir dire* to verdict. Toyota asserts that it anticipates that Plaintiffs' expert, Martha Bidez, may offer opinions that the design of the seat belt buckle stalk was defective and allowed for increased head excursion toward the roof of the 4Runner.

Toyota contends that Plaintiffs, their counsel, and their witnesses—and specifically Dr. Bidez—must be barred from making any reference to the design of the seat belt system and buckle stalk at trial, pursuant to Fed. R. Evid. 401, 402, and 403. In her report, Dr. Bidez claims that the seat belt system failed to safely restrain W.A.G. due to the fact that "[t]he length of the [driver's seat belt buckle] stalk (approximately 8 inches relative to the seat cushion) allowed for increased head excursion of the belted driver toward the roof (Figure 5c)." At her deposition, she noted that in her surrogate study, the surrogate was able to reach the roof rail where W.A.G. reportedly received his injuries with his buttocks still in the seat, revealing that the length of the buckle stalk was immaterial to W.A.G.'s mechanism of injury.

In the Order of October 3, 2011, addressing Toyota's motion to exclude Dr. Bidez, this court noted that "the issue of seat belt performance as it relates to buckle stalk length is not germane to Dr. Bidez's expert opinions as to the mechanism of W.A.G.'s injuries." Plaintiffs now affirmatively state that Dr. Bidez does not intend to offer an opinion at trial that the design of the seat belt buckle stalk was defective. However, Plaintiffs also affirmatively state that Dr. Bidez's injury causation analysis as it

relates to the role of roof performance in injury causation is relevant and reliable, and Dr. Bidez should be allowed to testify as to the role of roof performance in injury causation at trial.

In her expert report, Dr. Bidez opines that the occupant protection system utilized by W.A.G. failed to safely restrain him within the 4Runner's occupant survival space during a foreseeable rollover crash. Dr. Bidez defined the "occupant protection system," as including: (1) a safety belt system, (2) a body structure that maintains the occupant survival space, and (3) a means for the prevention of lateral head impacts and partial head ejection. As Dr. Bidez explained in her report, and as more fully set forth in the accompanying affidavit:

> "From a rollover occupant protection standpoint, it is a scientific fact that a comprehensive occupant protection 'system' must include three key components of passive safety, all of which was put into practice by Volvo in the development of its XC- 90 SUV in the mid to late 1990's. First, a safety belt system that provides and maintains appropriate fit, comfort, and proper coupling of the occupant to the vehicle seat, with appropriate energy attenuation capability for the foreseeable range of occupant sizes. Second, a body structure that maintains the occupant survival space and does not pose an unreasonable risk of injury to belted occupants. Third, effective restraint and structural integrity so as to prevent lateral head impacts and partial ejection through side window portals.

Toyota contends that Dr. Bidez's opinions regarding the first component of the occupant protection system, the safety belt system or, more specifically, the "seat belt buckle," should be excluded at trial. However, Plaintiffs contend that Toyota's focus on a single sentence from Dr. Bidez's thirty-three page report, in which she states that "[t]he length of the [driver's seat belt buckle] stalk (approximately 8 inches relative to the seat cushion) allowed for increased head excursion of the belted driver toward the roof (Figure 5c)." Toyota argues that this opinion should be excluded because Dr. Bidez

-3-

admits that the seat belt buckle stalk was not related to W.A.G.'s mechanism of injury. Toyota's position is that without a causal connection between the alleged defect in the buckle stalk and W.A.G.'s injuries, these opinions from Dr. Bidez have no probative value in the determination of whether or not the design of the 1995 4Runner was defective and caused W.A.G.'s injuries in the subject accident.

Dr. Bidez has opined that her injury causation analysis related to an entirely different component of the total occupant protection system -- the role of roof performance in injury causation. The court agrees with Plaintiffs that clearly, Dr. Bidez's focus in this case is to assess the role of roof performance in injury causation. During her deposition, Dr. Bidez explicitly stated that the seat belt performance was not related to W.A.G's mechanism of injury. In fact, Dr. Bidez stated very early in her deposition (page 12:17-22) that her analysis related to the role of roof performance in injury causation. Dr. Bidez never mentioned seat belt performance in the scope of her assignment. This court's previous order relating to the exclusion of Dr. Bidez's testimony clearly recognizes the scope of her testimony and the limited nature of her comments on seat belt stalk length. There is no need to clarify nor expand on that order. Thus, Toyota's motion in this regard is unnecessary and shall be denied.

IT IS THEREFORE ORDERED AND ADJUDGED that Defendants' Fifth Motion *In Limine* to Exclude Any Reference to the Design of the Seat Belt Stalk **[#180]** is denied.

SO ORDERED AND ADJUDGED this the 9th day of January, 2012.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE