IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

**WAYNE AND MARY GRAVES, FOR AND ON
BEHALF OF W.A.G., A MINOR**                                                        **PLAINTIFFS**

**VERSUS**                                                           **CIVIL ACTION NO. 2:09cv169KS-MTP**

**TOYOTA MOTOR CORPORATION AND
TOYOTA MOTOR SALES, USA, INC.**                                                   **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

This matter is before the court on Defendants' Seventh Motion *In Limine* to Exclude Any References to Toyota's "State of Mind" **[#183]**. The court having reviewed the motion, the response, the briefs of counsel, the authorities cited, the pleadings and exhibits filed, and being otherwise fully advised in the premises finds that the motion should be denied. The court specifically finds as follows:

This is a product liability action encompassing the commonly referred to rollover and roof crush claims. The accident occurred on December 31, 2008 on U.S. Highway 84 in Jones County, Mississippi. This single vehicle crash involved sixteen year-old W.A.G., who was operating a 1995 Toyota 4Runner. As W.A.G. approached the intersection of Highway 84 and Rose Lane, the physical evidence and eyewitness testimony establish that W.A.G. steered his vehicle to the left and that the vehicle began to yaw and then roll over multiple times. Although W.A.G. was wearing his seat belt and remained inside the vehicle during the rollover, as a result of the rollover and roof crush, W.A.G. was rendered quadriplegic.

Defendants Toyota Motor Corporation and Toyota Motor Sales, U.S.A., Inc. ("Toyota"), have moved this court *in limine* for an order barring any references to Toyota's "state of mind" by Plaintiffs, their counsel, their witnesses, and specifically Stephen Forrest, from *voir dire* to verdict. Plaintiffs have designated Stephen Forrest to testify as an expert regarding roof design of the subject 1995 Toyota 4Runner. Toyota asserts that Forrest opines that the roof was defectively designed, and in support of those opinions, he comments on and criticizes documents produced by Toyota in discovery. Toyota also argues that Forrest makes various assumptions and suggestions as to Toyota's "state of mind" throughout the report.

Toyota recognizes that Forrest, as an expert for Plaintiffs, may address information contained in Toyota documents and provide opinions regarding the design of the subject 1995 4Runner based on those documents. They also concede he may have comments regarding what he perceives as deficiencies in those documents. However, Toyota asserts that Forrest cannot act as a mouthpiece for Toyota, offering his opinions as to what Toyota was thinking or what it knew or did not know when it designed, tested and manufactured the subject vehicle.

The court notes, once again, that Toyota has chosen to attack Mr. Forrest's opinions by way of an *in limine* motion rather than having filed a timely *Daubert* motion. This is true of many of the *in limine* motions that have been filed on behalf of Toyota. This practice violates the rules of this court regarding such motions to exclude expert testimony and is subject to denial for that reason alone. However, as with the other untimely motions to limit expert testimony styled as *in limine* motions, the court will delve into the merits of the motion to ascertain if there is any basis to support it.

Plaintiffs respond that they designated Stephen Forrest to testify on the roof design/roof crush claim, including the applicability of Federal Motor Vehicle Safety Standard ("FMVSS") 216 and the relevant testing conducted by Toyota. They contend the opinions of Forrest are based upon his training and experience as an engineer in this particular area as well as his review of internal documents produced by Toyota concerning FMVSS 216 testing and certification, or lack thereof, of the 1995 4Runner vehicle.

Specifically, Forrest has provided certain opinion testimony concerning the testing, applicability of the then existing FMVSS 216 and Toyota's compliance with this safety standard, all of which are issues in this case and relevant to whether the vehicle was defectively designed and appropriately tested. Toyota has characterized these opinions of Forrest as "state of mind" comments and has requested exclusion. According to Toyota, these opinions are inadmissible as they are not based upon personal knowledge, are not relevant and alternatively, inadmissible as the prejudicial effect of these opinions outweigh the probative value.

Plaintiffs argue the opinions of Forrest are based upon his review of the Toyota's internal documents relating to testing of the roof structure, internal engineering standards and actions undertaken, as well as the absence of testing protocol, in subsequent years in light of the adoption and implementation of FMVSS 216. As Toyota has recognized, Forrest may offer his opinions regarding its testing procedures, soundness of internal engineering standards and apparent knowledge based upon those documents as to the applicability of certain safety standards.

Plaintiffs are entitled to offer expert witness testimony concerning not only the appropriateness of Toyota's FMVSS 216 testing on this particular vehicle but whether it complied with the appropriate standards. Plaintiffs argue they are further entitled to discuss Toyota's alleged actions and inactions regarding testing of subsequent year models under the same applicable standard and revision to Toyota's internal engineering standards to the extent that testing indicates either a lack of knowledge or a conscious decision to disregard. The court agrees that such is admissible to the extent it is directly applicable to the 1995 4Runner at issue and is rationally and reasonably related to the facts of this case. The court disagrees with Toyota's characterization that this testimony amounts to "state of mind" type evidence. Much depends on the actual offer of proof at trial. If Plaintiffs get too far afield and delve into subsequent years testing or data, the court may revisit this issue upon proper objection by Toyota. However, Forrest's opinions are relevant to the roof crush issue presented in this litigation, and, while prejudicial to Toyota, they are not unduly so.

IT IS THEREFORE ORDERED AND ADJUDGED that Defendants' Seventh Motion *In Limine* to Exclude Any References to Toyota's "State of Mind" **[#183]** is denied.

SO ORDERED AND ADJUDGED this the 10th day of January, 2012.

> *s/Keith Starrett*
> UNITED STATES DISTRICT JUDGE