IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

**WAYNE AND MARY GRAVES, FOR AND ON
BEHALF OF W.A.G., A MINOR**     **PLAINTIFFS**

**VERSUS**     **CIVIL ACTION NO. 2:09cv169KS-MTP**

**TOYOTA MOTOR CORPORATION AND
TOYOTA MOTOR SALES, USA, INC.**     **DEFENDANTS**

## ORDER

This matter is before the court on Defendants' Eighth Motion *In Limine* seeking an Order barring Plaintiffs, their witnesses and counsel from referring to or offering any evidence or testimony pertaining to unintended acceleration recalls involving Toyota and Lexus vehicles **[#184]**.  The court having reviewed the motion, the response, the briefs of counsel, the authorities cited, the pleadings and exhibits filed, and being otherwise fully advised in the premises finds that the motion should be granted as hereinafter stated.  The court specifically finds as follows:

This is a product liability action encompassing the commonly referred to rollover and roof crush claims.  The accident occurred on December 31, 2008 on U.S. Highway 84 in Jones County, Mississippi.  This single vehicle crash involved sixteen year-old W.A.G., who was operating a 1995 Toyota 4Runner.  As W.A.G. approached the intersection of Highway 84 and Rose Lane, the physical evidence and eyewitness testimony establish that W.A.G. steered his vehicle to the left and that the vehicle began to yaw and then roll over multiple times.  Although W.A.G. was wearing his seat belt and

remained inside the vehicle during the rollover, as a result of the rollover and roof crush, W.A.G. was rendered quadriplegic.

Defendants Toyota Motor Corporation and Toyota Motor Sales, U.S.A., Inc. ("Toyota"), have moved this court *in limine* for an order barring Plaintiffs, their witnesses and counsel from referring to or offering any evidence or testimony pertaining to unintended acceleration recalls involving Toyota and Lexus vehicles.

According to Toyota, allegations of unintended acceleration in certain model Toyota vehicles have been widely disseminated in the media since 2009. Toyota asserts that these allegations, however, have nothing to do with the subject vehicle, a 1995 4Runner, or its model series (1990-1995), which was manufactured over fourteen years before the recalls were issued, does not have an electronic throttle control system, and was not subject to the "pedal entrapment" and "sticky pedal" recalls. Despite this, Toyota anticipates that at trial, Plaintiffs, their counsel, or their experts may reference or offer evidence related to these allegations of unintended acceleration, investigations of unintended acceleration, and testimony from NHTSA, other government agencies, Toyota's president and other Toyota employees related to the unintended acceleration issue.

Toyota states that it anticipates its counsel will have to address these matters during *voir dire* to evaluate juror bias given the fact that these issues have been the subject of so much national attention. After *voir dire*, Toyota asserts there should be no reason to address these matters any further. Toyota therefore seeks an order from this court barring Plaintiffs, their witnesses and counsel from referring to or offering any evidence or testimony pertaining to unintended acceleration recalls involving Toyota and

Lexus vehicles after voir dire is completed.

Plaintiffs respond that they believe Toyota's is a fair approach. However, Plaintiffs contend, it must be a fair and balanced approach in which the Plaintiffs are entitled to address the same matters during *voir dire* to evaluate positive juror bias. The Plaintiffs will proceed first in jury selection. The Plaintiffs state they will need guidance from this court on the acceptable procedure, that is, will the Plaintiffs be allowed to address the issue first or will the Plaintiffs be accorded an opportunity to follow Toyota on that one issue? Plaintiffs assert, in conclusion, that this is an area of prospective juror questioning that is best handled by the court without the lawyer's rhetoric.

Plaintiffs are also concerned about the alleged propensity of Toyota's expert witnesses to give gratuitous testimony on the safety record of Toyota vehicles in general. They assert that if Toyota's witnesses do such at this trial, they should be allowed to impeach them using the unintended acceleration recall information. The Plaintiffs submit that subject to the conditions set forth above, they have no objection to the Eighth Motion *in Limine*.

The court finds that the motion is well taken subject to the following qualifications. Juror perceptions on the issue will be explored on *voir dire*, either by the court or the parties. The court will consult with the parties on the morning of trial prior to the commencement of *voir dire* about the proper order and by whom such examination shall take place. Once that is accomplished, the subject shall not be broached again unless Toyota opens the door on the subject by allowing its witnesses to proceed into some extended answer espousing the safety record of Toyota vehicles in general. At that point, the court will reconsider the issue and may allow Plaintiffs to further develop

testimony regarding the referenced unintended acceleration problems as impeachment. Such reconsideration by the court will be preceded by an appropriate objection by Plaintiffs' counsel to any objectionable testimony that could be deemed to "open the door." All counsel are admonished to limit the jury's exposure to this subject matter as much as possible until the court rules on admissibility and appropriateness.

IT IS THEREFORE ORDERED AND ADJUDGED that Defendants' Eighth Motion *In Limine* seeking an Order barring Plaintiffs, their witnesses and counsel from referring to or offering any evidence or testimony pertaining to unintended acceleration recalls involving Toyota and Lexus vehicles **[#184]** is granted, subject to the conditions stated herein.

SO ORDERED AND ADJUDGED this the 10th day of January, 2012.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE