IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

WAYNE AND MARY GRAVES,
FOR AND ON BEHALF OF W.A.G., A MINOR     **PLAINTIFFS**

VERSUS                       CIVIL ACTION NO.  2:09cv169 KS-MTP

TOYOTA MOTOR CORPORATION
AND TOYOTA MOTOR SALES USA, INC.          **DEFENDANTS**

ORDER

THIS CAUSE is before the Court on Objection to Plaintiff's Form of Judgment filed by defendants Toyota Motor Corporation and Toyota Motor Sales USA, Inc. (Toyota) [265], Response thereto filed by plaintiffs [266] and Reply filed by Toyota [267], and the Court considering same, as well as the circumstances and facts of this trial finds that the defendants' Objection to the plaintiff's form of verdict is not well taken and is overruled for the following reasons, to-wit:

1.

Following the conclusion of the testimony the Jury was instructed as follows:

Jury Instruction C-30

If you find from a preponderance of the evidence in this case that Will Graves is entitled to recover against the defendants on any of his theories of liability, but you further find that Will Graves was negligent in the manner in which he was allegedly injured and such negligence, if any, was a proximate contributing cause to his accident and injuries, then you shall calculate the percentage of negligence attributable to him, if any, and fill in the special verdict form accordingly.  You will not reduce the amount of the award to Will Graves, if any, by the amount of negligence you attribute to him, if any - the Court will use the percentage of

<u>negligence of [sic.] you attribute to him, if any, and make the necessary calculations.</u>   (Emphasis added.)

Jury Instruction CD-7

You are instructed that the operator of a motor vehicle in the state of Mississippi has a duty to be attentive, keep the vehicle under proper control.  Therefore, if you find from a preponderance of the evidence, that on the day of the subject crash, Will Graves was not attentive, or did not maintain proper control of the 1995 Toyota 4-Runner, and that such failure was the sole, proximate cause of the subject crash, injuries and damages of Will Graves, then your verdict must be for Toyota defendants.

If, however, you find that such failure on the part of Will Graves, if any, was not the sole cause of the accident, but combined with a defect or defects in the 4-Runner caused injuries and damages to Will Graves, <u>then you should apportion to plaintiff the percentage of fault attributable to him, consistent with other instructions of the Court.</u> (Emphasis added.)

The Jury Verdict form that was explained and sent with the Jury as part of the instruction packet is part of this record as Document 262.  The relevant portions of the Jury Verdict Form are as follows:

> 3.  If your answers to questions 1 and 2 were "yes", then answer this question and then proceed to question 4.
>
> What sum of money do you find by a preponderance of the evidence would reasonably compensate Will Graves for: . . .
>
> (D) Past, present and future pain, suffering and emotional anguish, including loss of enjoyment of life of Will Graves:
>
> ANSWER: $ <u>2,500,000.00</u>
>
> 4.  Do you find, by a preponderance of the evidence, that Will Graves was contributorily negligent in causing the damages sustained in answer to Question No. 3?
>
> ANSWER:   <u>X</u>   YES   <u>____</u>   NO
>
> If your answer to this question is "no", proceed no further except to sign the verdict; if its "yes", go to question 5.

  5. What percentage of contributory negligence do you assign to Plaintiff, Will Graves?

ANSWER:  __40__ %

  The parties in this case have opposing positions as to which should be applied first, the statutory caps on non-economic damage, MCA §11-1-60, or the Jury's finding of contributory negligence, MCA §11-7-15. Both sides set forth some case law but none of it is on point with the issue that is before the Court.

  Jurors are presumed to follow the Court's instructions. The Jury in this case was extremely diligent in searching through the evidence. It deliberated almost seven and one-half hours before bringing in its verdict and it was apparent from the verdict that the jurors had paid close attention to both the testimony and the exhibits. It was also apparent that the Jury paid attention to the instructions of the Court.

  The Jury was clearly instructed in Instruction C-30, "you will not reduce the amount of the award to Will Graves, if any, by the amount of negligence you attribute to him, if any - the Court will use the percentage of negligence you attribute to him, if any, and make the necessary calculations." The Jury was clearly informed if they found for Will Graves that they were to find the total amount of damages that would compensate him for past, present and future pain, suffering and emotional anguish, including loss of enjoyment of life. The total amount the jury found for non-economic damages was $2,500,000. The Jury was told that the Court would apply the percentage of contributory negligence to the amount that they found as to all elements of damage (future lost earnings, past medical, future medical, and non-economic damages). What this clearly states is that the Court will apply the 40 percent reduction to each of the values found by the Jury. After application the final jury verdict for Will Graves' future lost earnings is

$342,000.  Past medical cost is $408,707.05.  Future medical expense is $5,100,000, and non-economic damages  $1,500,000, for a total of $7,350,707.05.

Following the application of the 40 percent reduction for contributory negligence, that the Jury was told would be made by the judge, the amount of damages awarded for non-economic damages exceeded the cap established by MCA §11-1-60(2)(b) and following the application of the statute, the amount of non-economic damages should be reduced to $1 Million.  Subsection (c) of the statute reads as follows:

> The trier of fact shall not be advised of the limitations imposed by this section (2) and the judge shall appropriately reduce any award of non-economic damages that exceeds the applicable limitation.

In applying this statute, the $1.5 Million non-economic damage finding by the Jury will be capped at $1 Million, making the final judgment herein $6,850,707.05.

This Court has simply taken the Jury Instructions and the Jury Verdict and done exactly what the Court told the Jury that it would do.  Mississippi Code §11-1-60(2)(c) tells the Court what it should do and this has been done.   The Court fixed the manner of calculation when it instructed the Jury and there were no objections to the Jury Instructions.   There is no need to argue which statute should be applied first or to get bogged down in different scenarios, what ifs, or strained interpretations of inapplicable case law.  The plaintiffs' form of the judgment will be entered by this Court and the Objection filed by defendants [265] is overruled.

SO ORDERED this the 2nd day of March, 2012.

*s/ Keith Starrett*
UNITED STATES DISTRICT JUDGE